Thank you. My name is Jefferson Coltrane. I'm representing the Italian-Israeli-Atlantic couple. And we're here today to appeal a case that was issued in the western district of Washington.  The court sitting in the western district of Washington improperly applied the doctrine of patent prosecution history itself. We believe it to be improperly or disregarded evidence of patent misuse and possible implementment. And we believe that this court should reverse it and send it back to be considered in light of… It seems pretty apparent that the district court here was worried about factual evidence of overt copying. Overt copying. We did discuss… How was the district court dealing with that sort of evidence? In terms of direct copying, we were very persuaded by the fact that the letters looked similar. But this isn't a design patent. This is a utility patent. We're talking about the functionality of the two devices. Most training lanterns, in fact all training lanterns, look pretty much the same. The question in this, if I may… The question in the case before this court, and before that court as well, was whether they contained the same claims and limitations. And they do not. This would be what they refer to as the prototype, which is their original training lantern, which contains… You're saying that's the embodiment of the patent? This is, I'm sorry. Yes, it's the embodiment of the patent by H.E. Design Capital. They came up with this training lantern that contains quartz and reflect. And this, I will note, this lantern, their prototype, is marked patents pending 1999. We'll get to that in just a moment. This is what they refer to as their patented device, which is a training lantern. It looks very similar to all other training lanterns. Just for the record, what's the number on that, so it's distinguished from the other ones? The patented device is A550. The prototype device is marked A552. The accused device, made by my clients, is marked A551. This is a training lantern that does not contain quartz and reflect, which was an essential limitation of the both independent claims in the patent as issued. What claims are, is your client accused of infringing? He is, well, that's the funny thing. He doesn't seem to be accused of infringing any of the claims. He seems to be accused of performing the same function as the patented devices. Well, what claims are issued? We were unable to determine that from the ruling at the district court level. We believe it has to do with the production of bright, lateral illumination. Well, which was the claim that was amended? Claim one or three? We claimed that claim one and claim 12. Both of them are independent. In the original application, the inventor claimed a training lantern with an inner and outer reflective surface that provided lateral bright illumination and, as we've seen, we've called, you know, up illumination. And that was rejected as being anticipated by prior arts because there already existed many training lanterns. That was the Lewis reference. Yes, that was the Lewis reference. And the Lewis reference references a product made by AG's primary competitor, a headlight company. It was rejected for that. The patent examiner said that he would allow it if they were to include quartz in the reflector as an essential limitation of both independent claims, which they did. As the patent application was filed, this would have clearly been infringed on. As with all training lanterns that are currently in existence. Because he intentionally entered a narrowing amendment that limited both independent claims, he can't come back now later under the doctrine of patent prosecution history estoppel and claim and try to recapture these elements that he's already given up. Can I move you to speak before time runs up to a couple of extraneous issues? One is that the patent misuse argument you make in your brief, the district court judge didn't say anything about it. Was that issue raised in the district court? We did raise it in both our opening brief to the district court and in our closing brief. And we asked for reconsideration also on that issue. And then the reconsideration was mooted because of the state, the effectivity of the 20th injunction. I saw some reference to it in the record below. But it didn't seem to me that the argument was necessary to make when this was one of your applications. I mean, you clearly made the allegation to the district court. We did, and it was in our opening brief. We claimed that they were. My recollection was that it was in our opening brief. And then another unrelated issue, which is that the difference. It seems to me that one could read the district court's decision on the PI to have an alternative ground, which is the serious question raised on the covenant not to compete. And if that were so, then you have to appeal that. So why, even if we buy everything you say with respect to validity or prosecution history of Staco, would we still have to affirm the PI on that alternative ground? Because the covenant not to compete is expired. And so it would be moot as an issue for the trial court. I'm sorry, am I answering the correct question? Yes. So the covenant not to compete would have expired at the absolute latest in late 2007. My client states that it would have – they're basing that issue on his last royalty check as an independent contractor, which means that the covenant not to compete, which went for three years, would have ended in 2007. Was the Q's device created during the time that the covenant not to compete was in force? No. Not by the evidence that my client has presented. But is that a question of fact? It certainly is a question of fact. And could the district court have resolved that question of fact on the likelihood standard against you and found, as he apparently does, reading exactly the sentences that Judge Cross just cited you to, seems to have decided that issue against you? It appears that way, but it seems that the primary – It appears. What do we do with this language which says, accordingly, because a serious question is raised on that, this is another basis for preserving the status quo pending final resolution. Another basis for the injunction. But he's not preserving the status quo. He was attempting to change the status quo. And we presented – Change it because the covenant had expired? Because the covenant had expired. So we were presenting evidence that it had not – But if the covenant had been violated by the creation of this lantern during its pendency, isn't the district court entitled to perceive that there may be a contractual issue that warrants an injunction? It would be entitled to, based on the evidence, that's what was demonstrated. We don't believe that it was demonstrated to the trial court. So would we – another possible issue of error for a Washington substantive question. I'm sorry. It's a Washington covenant not to compete. So it would lead to a supplemental jurisdiction of the Washington issues. Right, which is appropriate. We would have jurisdiction over that in our court. Right. Mr. Lowe, there was a preliminary injunction issued. Then it was removed and a restraint was imposed on both parties. It was very odd, but it was issued. We moved for reconsideration or to stay. And to stay. And to stay. And or to stay. And we didn't receive a ruling, so we moved for an appeal. Then the reconsideration was granted and a briefing schedule was set. Then it was transferred to a different judge. So a stay was ended? A stay was ended. So a stay was ended with an appeal, and then what happened? It was transferred to another judge. The reconsideration was moved. It was statistically terminated. And then a plaintiff below requested that the court reopen it to issue an order telling my client to stop making false representations about the status of the case. Right. And his representations were a little bit, you know, inaccurate. But from a layperson's point of view, he stated that. What did the district court do? The district court reopened it and then put an injunction against both parties preventing. Well, first of all, the original judge took it back. And then the district court, that judge, prohibited both parties from discussing or marketing the land further. And then the plaintiff moved for reconsideration of that, which was granted without our opportunity to respond. And then it was limited to just my client not being permitted to discuss the land term. But the stay was. But I'm trying to discuss or market the land term. It was discussed or marketed the land term. Well, to not make false representations about the status of the case. But what I'm trying to understand is, is there a preliminary injunction in place? We don't. We're not clear, Your Honor. We think that the stay is still in effect because it wasn't lifted. Procedurally, it's just very unusual. We don't know where we stand. Let me go back to the point that Irene and Judge Maynard raised about this covenant not just stay. Your first response was that that's expired now. It is expired. So is your argument that it's therefore we shouldn't – there's no P.I. in order in any event? I mean, the most they could be getting would be damages for that. But prospectively, there's no reason for a preliminary injunction that that wouldn't provide basis for a preliminary injunction because it's no longer in effect. Is that what you're trying to argue? What I'm saying is I think that if there was a valid non-compete in effect, then it could be basis for a P.I. But the non-compete expired before my client began developing the product. They argued that the non-compete ends when he received his last royalty check. He stated that the non-compete expired when he quit. And there's a two-and-a-half-year difference around that issue. But the judge seems – do you concede that the judge made a finding for the other side and not for you on the factual question? I concede that he sort of threw it at the end, but it seems the main issue had to do with the patent. And so do you dispute the fact that you've got a problem here even if you prevail on the two issues of appeal? I don't believe that we will have any problem on that issue because we're far past the 90-day period. Under anyone's view? Under anyone's view, even under a plaintiff's view. We're past that period. So you're saying even if there was a violation, the only remedy now would be damages? That's correct, Your Honor. And when was the date that you say that even everybody will agree with a particular date? The date of the P.I. decision was July of 2007 when you were saying that he – I believe, Your Honor, it is November of 2007 would have been the absolute end date pled by the public. Do you want to stay the rest of your time? I would, Your Honor. Thank you. Good morning. May I please report my name is Bob Christie. I'm the attorney for AG Design, a small company headed by Alan Harrington, who is truly an American inventor, an inventor of the device, the patent device that's at issue here. Let's get quickly to the issue. I'm going to ask – answer very specifically the questions that the court raises during the argument because I think I have the answers to those. You asked, Judge Rader, how do you deal with the district court's concern that there was over-copying? And clearly, the judge made factual findings supported by evidence, and there's no persuasive argument that those can be overturned here. In fact, what is interesting is that there was one expert who testified – He's not entitled to infringe a patent. And if the court looks at these two devices, they are virtually identical down to the micron. But the patent is defined by its claims. The claims require ports. There are no ports on the accused device. Therefore, you have to go with the doctrine of equivalence. That is correct. And the only way your doctrine of equivalence can apply is if you recapture the same ground you surrendered to distinguish your patent invention over the Lewis prior art. Well – The Lewis prior – you had to put in the ports limitation to get past the Lewis prior art. Therefore, you cannot ignore that limitation. Prosecution history estoppel will prevent you from using the doctrine of equivalence. You're cooked on patent infringement, right? I disagree with that entirely. And we certainly have an argument that there is a rebuttal to that presumption based on tangential – The court has already underscored that that's a very narrow exception. And I've heard all of the court's opinions on that. But it wouldn't apply in this case anyway because this is right on all fours. You're trying to recapture the port limitation, which was inserted in the patent to escape the very prior art that the accused device was similar to. So, I mean, you could – tangential is when the amendment is on a kind of completely different subject than what the equivalent is. In this case, ports are no ports. It's pretty – there's no tangentiality here. Well, I'm not going to pretend to educate this court on that doctrine because it's well-articulated. And I've read your comments concerning the view of that being very narrow. I've also read Judge Post's recent decision that speaks directly to that issue. I think there was an argument presented, and this judge found that there was sufficient proof by us of likelihood to prevail. Well, the problem is – the question now is, is there vulnerability? We've said – I think Amazon.com versus Barnes & Noble says that in a PI setting, is there a showing of some vulnerability on an issue? And here, certainly given what Judge Rader's explained and stated with respect to the record on prosecution history, he gave it up. And there's no – I think whatever the scope of the tangentiality doctrine is, I think it's correct. It doesn't apply in this case. Well, I do agree that whatever the scope of the tangentiality exception is, I don't think you can use it to recapture it. And I haven't – we didn't argue that before. And that's the problem here. I mean, in essence, it does recapture what was given up because Lewis didn't have any ports. The examiner said with respect to Claim 6, you can effectively amend, and you did to put in the ports, and now you're trying to go back there. I mean, I think that's the problem. I think you're correct on that. I would disagree that that is the root of the problem in terms of the patent issue here. But I want to answer the court's other questions, which you raised, because it is significant. And you've hit the nail on the head. There is a completely alternative ground that Judge Burgess collided on. Yeah, but I'm not saying he didn't know. Did you mention that in your brief at all? Well, it's not – it hasn't even been raised on this appeal. He has not challenged that. So whatever this court does – No, he could have done, which was what I thought of, and I may very well be wrong. It was just tentative, was to say – to argue in your red brief, even if he is correct on the issues he's appealed, alternatively that still leaves the injunctive appeal in place with respect to the covenant not to sue. You didn't say that, right? I'm going to say it right now, Your Honor. I didn't say that in my red brief, but clearly that issue has not been appealed here in the court. Why isn't your remedy for the covenant not to sue limited to damages at this point because the covenant has expired? Well, the covenant has expired. So that puts back into the public domain. You can use things. If there is a contractual violation, the remedy would be damage, right? Well, one remedy is clearly damages. The development of this accused device, there is no dispute in this record that it was all done well within the time frame of the covenant not to compete. We had our hearing in June, and we got our order in July. So you get damages for any flow from that contractual violation, but why should we grant an injunction when the contract has expired? This is what you should do. You should not disturb Judge Burgess' decision on the supplemental state law claims to impose an injunction. You should not disturb that. That is not an issue that has been framed and presented to you in this case. The only injunctive relief framed and presented to you is that which he entered alternatively. And on the basis of that, then, it recurs, right? If we are convinced that the one issue before us does not support the injunction, then we would say that there is no support for the injunction on that ground. But you would not vacate the injunction to the extent that the judge raised that at the point. You shouldn't disturb it. I guess it's my point, Your Honor. It has not been framed. It has not been raised in this case. But the point is, though, Mr. Christie, if the contract covenant not to sue is expired, how can anybody be conjoined? Now, again, you may well, I don't know, you may well have a very good claim for damages. You may not. But anyway, in any event, it's a damages issue. Well, I'm always careful when I'm addressing issues in the appellate court to talk about what issues have been framed and presented to you. And candidly and frankly, the issue relating to this contract is not one that's been challenged. It's not one that's been framed for disappeal. Well, it can't be a basis for an injunction. If the contract is expired, do you agree if a contract is expired, someone cannot be enjoined from acting a certain way under the contract because it doesn't exist anymore? Well, under Washington law and under the principles of equity that Judge Burgess would bring to bear on that question, I don't completely agree with that, Your Honor. But how could that be? If a contract exists, I can be enjoined from not performing. But if a contract no longer exists, how can anyone say what I can or can't do under something that doesn't exist? If during the term of that contract you actively violated by competing, are you to be rewarded on the basis of there being no equitable remedy by violating that contract, competing in the same narrow market in which my client is competing? Well, clearly that is a remedy. I'm just, for purposes of this appeal, I'm frankly, I'm not going to totally concede that there couldn't be under Washington law, which is what we're talking about in this supplement. But you do concede that the district court never respects that issue. Presumably, the issue of this P.I., even assuming the reliance on Mr. Archibald Brown, the P.I. was issued at the time of Covenant, not just in Houston, New York. That's right, Your Honor. The issue of mootness that counsel has just raised in this issue of expiration has never been framed for Judge Burgess, nor has it been part of any reconsideration before. Notwithstanding my and other questions to Mr. Coulter about the alternative ground, is it that what the district court judge, let me argue the other side to you, which is all the district court judge said was there's a serious question. Is the finding even undisturbed that by a district court judge that there's a serious question as to whether or not they violated the Covenant as the sufficient grounds for a P.I.? Well, I think that it is. I think in the context of what was presented, if you look both at his order as well as looking at the underlying record from the hearing, this judge was very disturbed by the testimony presented by Mr. McKay when he was faced with his signature on a Covenant not to repeat, where he denied that it was affixed to the document when he signed it. And the judge, I think, tries to, without being too blunt, expressing here his disbelief with Mr. McKay's testimony, and his clarifying that this is the product of reverse engineering that came about as a result of an agency relationship where Mr. McKay was literally working for my client, obtaining all of the confidential information he had. But my question is what the findings were. Is you agree that under the standard of the district court, among other things, has to find that there's a likelihood of success on the area? And is the finding of a serious question equivalent to the same as a finding that there's a likelihood of success on the area? For purposes of Washington law, which is what we're now talking about in terms of this alternative ground, yes. I think the way he's phrased this in his order, meet a legal standard for upholding the imposition of a preliminary injunction under Washington law, yes, I do. Mr. Cusick, just two questions. Yes, sir. In terms of the claim, the patent side of the issue of McKay, what claims are, is it the two independent claims? Yes, Your Honor. One and 12? Yes. Okay. And the other question, you recall that at the end of Mr. Kohler's argument, there was a discussion about what the present status is. Do you agree with what he said, namely that there was an injunction, there was a PI, then it was removed, then it was put back in place, and now there is a restraint in place against his client? Yes, and I'd like to clarify that. With respect to patent infringement? The clarification would be this. In the preliminary order, in Judge Burgess's order at page 13, this is at page 13 as well in the appendix, he outlines four separate areas of relief, and they included returning materials, returning documents, sending a notice out to potential customers about the device may well be in violation. So it was substantially broader than simply don't market, don't sell. Right. But currently, yes. Judge Burgess, as a result of a motion that we made when we obtained information about representations that Mr. McKay was making in the marketplace, we brought out a motion to prevent him from doing that further. So you agree with Mr. Kohler that at this time his client is preliminarily enjoined from marketing and selling his product? Yes. Whatever else, regardless of what other constraints may be on it? Yes, Your Honor. Can I just get two quick points? Absolutely. One is, so the date, we've all conceded that as of now, at least, the covenant not to sue is not in effect. Do you agree? Somebody said November. It expired in November. I actually, yes. I actually think the date is a little bit earlier than that based on what's in this record. And that comes from Mr. Harrington's testimony that the end of his relationship, his last paycheck to Mr. McKay, if you will, was in June. And I can get the specific date. But it was in June of 2004. And you would run three years from that date. And then just on the patent assumption question that I asked Mr. Kohler, it was a little less than three. We didn't need to go to the district court judge to deal with that. The patent assumes technically a reasonable amount. Do you have any view on that? I noted your question, and I looked through the judge's order. If you look at page 5 of that order, there is some brief language that really summarizes the extent to which there was any discussion of that. His order on page 5 in the appendix of 5 has this paragraph. Second from the bottom. Okay. But there's issues raised in his brief that relate to improper marking of a prototype device. That's the subject of a separate lawsuit that's now pending before Judge Peckman in the Western District. In fact, we moved to consolidate it with this action, and that motion has been opposed. So that's the current state on that issue. Does the court have any other questions? If not, I'll be able to balance my time back to the court. Thank you, Mr. Christie. Thank you. We have a little over two minutes remaining. Thank you. Just a couple of points of clarification. We keep talking about reverse engineering and consolidating, and those are documents that apply to a trade secret. This is a patent. The patent is patent. Anyone can go and read it, and someone with ordinary skill in the art can engineer it. There's no need to reverse engineer it. It didn't need any trade secret information. If there were any trade secret information, it was destroyed by filing a patent. The second point of clarification I'd like to make is that the Washington supplemental law questions that were heard by the district court, Plankton tried to remove those to Island County, Washington, so only the Washington issues could be heard by that court, and that court stated a pending resolution of this appeal as well. I'm sorry. The state court, Plankton tried to remove that issue to a state court, and the state court ruled on it? Yes, Your Honor. The rule to stay a pending resolution of this matter. So after this court decides, then it can be moved to reopen in Island County, and all of the state law claims will be heard. We won't oppose them being moved there, obviously, and only the patent issue will be left. But the state law claims are currently before the federal district court. Correct, but he moved to the federal district court to release those claims to the state court, so that the state court would hear the state claims, and the federal court would hear only the patent claims. And just to underscore the patent misuse argument that we tried to raise, we had these lanterns with us, all of these, in the courtroom, and we pointed out that this is falsely marked, violation of Section 292, patents pending, 1999. That's five years before they applied for the patent. At the very least, that raises the question that he knew that they had a patentable invention, it was on sale, and barred as to its patentability because they falsely marked it, and they were selling it, and we presented evidence to show that they were selling it. At the very least, that should raise the question of the invalidity of patents and patent misuse. Thank you, Your Honor. All rise.